## A97A1801. HARRIS v. THE STATE.
### (496 SE2d 277)

BEASLEY, Judge.

Joseph Harris pleaded guilty to two counts of armed robbery and was sentenced to two consecutive life terms. His sentence was later reduced to two concurrent life terms. Harris challenges the court's consideration, for sentencing purposes, of his statement to police while in custody prior to being read his rights. At bottom, he faults the court for refusing a continuance of the *Jackson-Denno* hearing so he could subpoena an officer to corroborate his testimony that he was in custody when the statement was made.

1. Harris does not claim his guilty plea itself was infected and must be set aside. With certain exceptions not germane here, a vol-

untary and knowing guilty plea waives even constitutional infirmities.[1]

2. Harris was arrested on July 22, 1994, in connection with two armed robberies. He was indicted on August 24 along with two alleged co-conspirators. On October 5 and 6, the trial court conducted a *Jackson-Denno* hearing on the admissibility of the statement Harris made the day he was arrested. The court ruled it admissible because it found Harris went to the station to answer questions freely and voluntarily, was advised of his *Miranda* rights which he waived, and made the statements freely and voluntarily.

The first question is whether the record shows the court considered Harris' statement in fashioning a sentence. There is no evidence in the record showing that the court ever read or heard the substance of the statement at the *Jackson-Denno* hearing or at any other time. The transcript of the hearing is incomplete, which Harris acknowledges but states "Appellant wishes to proceed because the record is sufficient to address the error enumerated in this appeal." There is no indication in the partial transcript of the hearing that the court was ever shown the actual statement, and no one testified to its substance. The statement itself is not in the record.

Appellate procedure requires that " ' "[w]here the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f). . . . When this is not done, there is nothing for the appellate court to review. (Cit.)" (Cits.)' [Cit.]"[2] "Since this is a court for correction of errors of law, our decision must be made upon the record and not upon briefs of counsel."[3]

If the court had become aware of the content of the statement and considered it at sentencing, the next question would be whether it was aggravating. Without the statement we cannot compare its substance with other evidence presented at the sentencing or otherwise analyze the effect of the statement.

Only if Harris' statement was considered at sentencing and was aggravating in nature would we reach the question whether the statement unfairly affected the sentence because the court denied Harris' request for a continuance of the *Jackson-Denno* hearing. Harris' attorney contends he did not know in advance of the *Jackson-Denno* hearing the identity of one of the officers who allegedly detained Harris.

---

[1] *Addison v. State*, 239 Ga. 622, 624 (238 SE2d 411) (1977).

[2] *Meier v. State*, 190 Ga. App. 625 (1), 626 (379 SE2d 588) (1989).

[3] (Punctuation omitted.) *Wiggley v. State*, 204 Ga. App. 583, 584 (2) (420 SE2d 82) (1992).

But the record does not show what witnesses were identified prior to the hearing or what efforts defendant made to identify the officers who detained him. As alluded to earlier, "[f]actual assertion[s] contained in appellate briefs which are not supported by evidence in the record cannot be considered in the appellate process [cit.], and briefs cannot be used in lieu of the record or transcript to add evidence to the record. [Cit.]"[4] No error in sentencing has been revealed.

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 15, 1998 —
RECONSIDERATION DENIED FEBRUARY 2, 1998.

*Kevin R. Gough*, for appellant.
*Stephen D. Kelley, District Attorney, Charles K. Higgins, Assistant District Attorney*, for appellee.

---

[4] *Hooten v. State*, 212 Ga. App. 770, 775 (2) (442 SE2d 836) (1994).