## A00A0257. LOWERY v. THE STATE.
### (530 SE2d 22)

BLACKBURN, Presiding Judge.

Following a jury trial, Londrako Lowery appeals his conviction of aggravated assault contending that the evidence was insufficient to support the verdict.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Lowery] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jack-*

---

[4] *Garrett v. State*, 230 Ga. App. 97 (2) (495 SE2d 579) (1998); compare *Groom v. State*, 187 Ga. App. 398 (2) (370 SE2d 643) (1988).

*son* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

(Citations and punctuation omitted.) *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

1. In the present case, several eyewitnesses testified that Lowery shot a gun at the victim during a fight in a parking lot. The victim testified that while he and Lowery were fighting, Lowery hit him several times with a gun before Lowery fired the gun, wounding him. Melissa Gilreath testified that Lowery hit the victim several times with the butt of a gun during a fight. Gilreath also testified that she saw Lowery put the gun to the victim's head before she heard the gun fire. Marcelino Miller testified that Lowery walked off after he and the victim had been fighting. Lowery then came back to the area with a gun. Lowery then hit the victim with the gun before "the gun went off."

The jury convicted Lowery of aggravated assault but acquitted him on a simple battery charge. The offense of aggravated assault is committed by a person who assaults[1] "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). Based upon the eyewitness testimony, we conclude that a rational trier of fact could have found Lowery guilty of aggravated assault beyond a reasonable doubt. See *Jackson*, supra.

2. Lowery contends that the evidence was insufficient because the jury acquitted him of a simple battery count also resulting from the subject incident. Lowery contends that the verdict cannot stand because the conviction of aggravated assault is inconsistent with an acquittal of the simple battery count because the same witnesses testified as to conduct showing both the simple battery and the aggravated assault. Lowery's argument is without merit.

[I]n *Milam v. State*, 255 Ga. 560[, 562 (2)] (341 SE2d 216) [(1986)], [the Supreme Court of Georgia] rejected the inconsistent verdict rule in criminal cases. *Milam* involved a criminal defendant charged with two murders committed at the same time. The jury returned a verdict of not guilty by

---

[1] An assault is committed by a person who "[a]ttempts to commit a violent injury to the person of another; or . . . [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (1), (2).

reason of insanity as to one murder, and guilty but mentally ill as to the other murder. [The Supreme Court] affirmed, ruling that there was no error inherent in the inconsistency between the conviction and acquittal. The *Milam* ruling stands for the proposition that a defendant cannot attack as inconsistent a jury verdict of guilty on one count and not guilty on a different count. Likewise, virtually all other Georgia cases affirming Georgia's abolition of the inconsistent verdict rule involve jury verdicts of guilty and not guilty that are alleged to be inconsistent. These cases are in accordance with the principle that it is not generally within the trial court's power to make inquiries into the jury's deliberations, or to speculate about the reasons for any inconsistency between guilty and not guilty verdicts.

(Footnotes omitted.) *Dumas v. State*, 266 Ga. 797, 799 (2) (471 SE2d 508) (1996).

As the Supreme Court of Georgia has previously rejected Lowery's argument regarding inconsistent verdicts, we find that it is without merit.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED FEBRUARY 15, 2000.

*William A. O'Dell*, for appellant.
*Tambra P. Colston, District Attorney, Martha P. Jacobs, Assistant District Attorney*, for appellee.