## A01A0821. WATKINS v. THE STATE.
### (548 SE2d 56)

BLACKBURN, Chief Judge.

Following a jury trial, Paul Watkins appeals his convictions for burglary and false imprisonment, contending that (1) the evidence was insufficient to support the burglary conviction; (2) the trial court erred by denying his directed verdict on the false imprisonment count; and (3) the trial court erred by allowing the victim's identification of him in a photographic lineup into evidence.

In reviewing the denial of a directed verdict or whether the evidence is sufficient to support a conviction,

> we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient.

(Citation and punctuation omitted.) *Yarbrough v. State.*[1]

So viewed, the evidence shows that, on the evening of March 5, 1996, Stephanie Stolz was alone in her trailer. At about 11:45 p.m., Stolz heard a knock at her front door, but did not answer it because her porch light was not working and she could not see anyone at the

---

[1] *Yarbrough v. State,* 241 Ga. App. 777, 780-781 (4) (527 SE2d 628) (2000).

door. About ten minutes later, Stolz heard a "pop, pop" sound coming from the bedroom.

Stolz walked toward the bedroom and saw Watkins standing in her hallway with a metal pipe in his hand. Stolz turned and ran to escape, but the door jammed and Watkins grabbed her by the hair. Watkins told Stolz he wanted her money, but she told him she only had two or three dollars. Watkins then asked Stolz whether she had anything else of value. She told him she had a television set, stereo, and VCR. Watkins said he did not have any interest in those items because they were traceable. Watkins ordered Stolz to lie on the floor and lift her night shirt and masturbate while he masturbated. Watkins threatened to "bash" Stolz's head with the pipe and a knife if she refused to cooperate.

Although Stolz did not know Watkins' name, she had seen him at the trailer park before. She recalled that he lived next to her aunt and uncle, a few trailers down from her. Stolz noticed that, during the invasion, Watkins wore a mechanic's uniform with a patch with the name Paul on it.

As soon as Watkins left the trailer, Stolz attempted to call the police, but her phone line had been cut. She then ran to her aunt and uncle's trailer. After she told them what had happened, Stolz's uncle, Jim Haynes, called the police, who later arrested Watkins. Stolz later picked Watkins from a photographic lineup and at trial.

1. Watkins argues that the evidence was insufficient to support the burglary conviction because there was no evidence that he intended to commit a felony. We disagree.

"A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters . . . the dwelling house of another." OCGA § 16-7-1 (a). "Whether [Watkins] intended to commit a felony inside the victim's house was for the factfinder to determine based on the facts and circumstances proved." *Littleton v. State.*[2] The requisite intent to commit a felony need not be formed at the moment of entry but could have been formed while the perpetrator remained on the premises. *Hewatt v. State.*[3]

A jury could infer that Watkins intended to commit theft either when he entered or remained at Stolz's home from Stolz's testimony that Watkins asked her for money and for anything of value. The fact that he decided not to take the television set, stereo, and VCR because the items were traceable further supports the inference that Watkins intended to steal from Stolz.

---

[2] *Littleton v. State*, 225 Ga. App. 900, 902 (3) (485 SE2d 230) (1997).
[3] *Hewatt v. State*, 216 Ga. App. 550, 551 (2) (455 SE2d 104) (1995).

2. Watkins asserts that he should have received a directed verdict on the false imprisonment charge because the evidence supporting the charge was not separate and distinct from the evidence supporting the burglary charge. The enumeration is without merit.

"A person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority." OCGA § 16-5-41 (a). The evidence that supported the false imprisonment charge was Stolz's testimony that Watkins prevented her from escaping her home by grabbing her by the hair and then ordering her to lie on the floor while threatening her with a lead pipe. None of this evidence overlaps with the evidence supporting the burglary conviction. Thus, "it cannot be said that the state 'used up' the evidence establishing false imprisonment" in proving the charges of burglary. See *Gilbert v. State*.[4]

3. Watkins argues that the trial court erred by allowing the State to present Stolz's out-of-court identification of him in a photographic lineup because Stolz was able to identify him only with the help of her uncle, Haynes. Watkins misstates the facts. "Convictions based on a pretrial identification by photograph and a subsequent identification at trial will be set aside only if 'the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' " *Williams v. State*[5] (quoting *Neil v. Biggers*[6]).

Immediately after the offense, Stolz told Haynes what happened and gave him a physical description of her assailant. Haynes told her it must have been Watkins. The detective who interviewed Stolz and later showed her the lineup testified that Stolz did not initially know her assailant's name, but she said she could identify him if she were to see him again.

At a hearing held before trial, Stolz testified that the trailer was well lit, she had a clear look at Watkins' face, and that Watkins was in the trailer for 15 to 20 minutes. She testified at the hearing and at trial that she identified Watkins in the photographic lineup without hesitation. No one had prompted her to pick Watkins, whom she picked because she was 100 percent positive that he was the man who attacked her. Stolz also identified Watkins in the courtroom.

The evidence is uncontroverted that Stolz did not base her identification of Watkins on Haynes' identification. Rather, Stolz based her identification on her own recognition of Watkins.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

---

[4] *Gilbert v. State*, 176 Ga. App. 561, 563 (2) (336 SE2d 828) (1985).

[5] *Williams v. State*, 272 Ga. 828 (2) (537 SE2d 39) (2000).

[6] *Neil v. Biggers*, 409 U. S. 188, 196 (93 SC 375, 34 LE2d 401) (1972).

DECIDED APRIL 19, 2001.

*Brian M. House*, for appellant.

*Herbert E. Franklin, Jr.*, District Attorney, *Leonard C. Gregor, Jr.*, Assistant District Attorney, for appellee.