A01A0973. WHITE v. THE STATE.
(552 SE2d 927)

ELLINGTON, Judge.

A Thomas County jury convicted Bonnie Ann White of armed robbery, OCGA § 16-8-41 (a). She appeals, contending the trial court erred in denying her motion for a directed verdict because the evidence was insufficient to support her conviction. Finding no error, we affirm.

> The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . . Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve.

(Citations and punctuation omitted.) *Jackson v. State*, 236 Ga. App.

260-261 (511 SE2d 615) (1999). Viewed in this light, the record reveals that on April 19, 2000, a woman and her male accomplice robbed Willie Williams of $30 by the use of a handgun while Williams waited in his parked car for his place of employment, a fast food restaurant, to open. As Williams sat in his car, the woman walked up to him and asked when the restaurant opened. While Williams was distracted by the woman, her accomplice put a pistol to his head and demanded money. After taking Williams' money, the accomplice and the woman discussed whether to take Williams' car. They decided not to because Williams' car was not a "good get away car." The two then fled on foot.

Williams gave the police a detailed description of the woman. He was not able to identify the accomplice, however, because he was too upset by the handgun the man was pressing to his temple. Shortly after the robbery, police investigators showed Williams a photographic lineup of women fitting the description he gave. Williams told the officers that the woman he saw was not in the lineup.

Two days later, following up on a lead provided by another officer, the investigators interviewed White who was staying at a motel with her boyfriend. White, who fit Williams' description, denied knowing anything about the robbery. After the interview, White agreed to have her photograph taken. When Williams was shown a second photographic array which included White's picture, he immediately picked her out. Williams also identified White in court. In White's second police interview, she said that her boyfriend Leon and another person committed the robbery.

We find this evidence sufficient to uphold White's conviction for armed robbery as a party to the crime under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Nealy v. State*, 239 Ga. App. 651, 654-655 (5) (522 SE2d 34) (1999).

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JULY 27, 2001.

*Walter E. Van Heiningen*, for appellant.

*J. David Miller, District Attorney, James E. Hardy, Robert R. Auman, Assistant District Attorneys*, for appellee.