## S01A0950. MAREE v. PHILLIPS.
(552 SE2d 837)

THOMPSON, Justice.

In a previous appearance before this Court, we affirmed a judgment of the trial court ordering the sale of certain real property pursuant to an action for statutory partitioning, and dividing the proceeds equally according to the terms of a cohabitation agreement between the parties. *Maree v. Phillips*, 272 Ga. 52 (525 SE2d 94) (2000) ("*Maree I*").

Upon return of the remittitur, the trial court appointed three commissioners to conduct a public sale of the property pursuant to OCGA § 44-6-167; the property was sold; and the proceeds were paid into the registry of the court for distribution to the parties. Thereafter, Maree filed an application for payment of post-judgment expenses, claiming that Phillips refused to make contributions to the mortgage during the 11-month period from the time of the judgment

---

[7] *Mullins v. State*, 270 Ga. 450 (511 SE2d 165) (1999).
[8] *Larocque v. State*, 268 Ga. 352, 353 (489 SE2d 806) (1997).

in *Maree I*, until the sale of the property, thus requiring Maree to pay Phillips' share. Maree sought reimbursement for half of the mortgage payments made during that period, for improvements she made to market the property, and for weather-related repairs. The trial court denied reimbursement for mortgage payments and discretionary expenditures to improve the property, but granted reimbursement for repairs caused by an act of God. Maree appeals.

1. Maree asserts that the trial court erred in failing to account for the post-judgment change in circumstances which required her to pay Phillips' share of the mortgage for 11 months.

A transcript of the hearing was not included in the record on appeal, and in the absence of a transcript, this enumeration presents nothing for review. See *Turner Advertising Co. v. Garcia*, 251 Ga. 46 (5) (302 SE2d 547) (1983).

But even looking to the substance of the trial court's order, it is apparent that the court properly weighed the interests of the parties before denying reimbursement for Phillips' unpaid share of the mortgage. The court made findings that Maree enjoyed exclusive use of the residence since 1997 when she changed the locks and denied Phillips access to the property; that Phillips continued to pay one-half of the mortgage until September 1999 when Maree refused Phillips' request to allow her or a third-party renter to use the property; that Maree's expenses were subsidized by Phillips' contributions for three of those years, while at the same time, Phillips was required to pay for her own housing with no corresponding subsidy from Maree. Because Maree enjoyed three years of subsidized housing, the court concluded that she did not suffer any economic disadvantage which would require contribution from Phillips. The fact that the court granted the application in part (compensating Maree for expenditures occasioned by acts of God), is further evidence that the court engaged in a balancing of the equities before exercising its discretion.

2. Maree also claims that the court displayed animosity toward her. " 'Without a transcript of the evidence presented, we will in keeping with very old authority in this state presume in favor of public officers, in the absence of all proof to the contrary, that they discharged their duty in compliance with the law. (Cit.)' [Cit.]" *Gillespie v. Gillespie*, 259 Ga. 838 (388 SE2d 688) (1990). Notwithstanding the absence of a transcript, there is nothing even remotely apparent on the face of the order which would support Maree's claim.

3. Nor is there any merit to the assertion that the court erred in denying reimbursement for expenditures made to improve the property for sale. In *Maree I*, we determined that the cohabitation agreement controlled the question of reimbursements for improvements. We held that "costs of upkeep, improvements, and repair of the property" were not compensable pursuant to the terms of the agreement,

and should not be considered in dividing the proceeds of the sale. Id. at 54. Under the "law of the case rule," that decision is binding in all subsequent proceedings in the trial court and in our appellate courts, absent a change in the evidentiary posture of a case. OCGA § 9-11-60 (h); *Security Life Ins. Co. v. Clark*, 273 Ga. 44 (1) (535 SE2d 234) (2000). There has been no postural change in the case which would cause us to disregard our prior ruling. With knowledge of that ruling, Maree acted at her peril by continuing to incur expenses for improvements to the property.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001 —
RECONSIDERATION DENIED OCTOBER 22, 2001.

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert*, for appellant.
*Warren R. Hinds*, for appellee.