## A01A2376. HERNANDEZ v. THE STATE.
(559 SE2d 758)

BLACKBURN, Chief Judge.

Following a jury trial, Gregoria Martines Hernandez appeals his convictions for armed robbery, kidnapping, and simple battery, contending that the trial court erred by denying his motion for a directed verdict of acquittal. Because the evidence supported the verdict, we affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Hernandez] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the [standard] of *Jackson v. Virginia*,[1] the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that [Hernandez] was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

*Lowery v. State.*[2]

Viewing the evidence in this light, the record shows that, on the evening of January 31, 1998, Julio Montilla drove his cab to a gas station where he picked up two Hispanic males. Montilla testified that, prior to picking anyone up, it was his custom to study that person closely for his safety. On the night in question, Montilla followed this custom and looked at his passengers carefully in a well-lit area of the gas station for more than a minute. After Montilla began to drive away with the two men, they pulled guns on him, drove his cab to another location, beat him, and robbed him.

Following the crime, Montilla gave the police a detailed description of the perpetrators, and he also described them to his co-workers. About a week after the crime, a co-worker spotted Hernandez and alerted both Montilla and the police. At the scene, Montilla positively identified Hernandez as one of his assailants, and he was subsequently arrested. Montilla testified that he had no doubt that Hernandez had committed the crime.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Lowery v. State*, 242 Ga. App. 375-376 (530 SE2d 22) (2000).

On appeal, Hernandez's only argument is that Montilla's eyewitness identification was not credible. As stated previously, however, a witness's credibility is a matter for the trier of fact, not this Court. *Lowery*, supra. Here, the jury believed Montilla's testimony that Hernandez committed the crime against him.

The evidence was sufficient to support the verdict.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JANUARY 31, 2002.

*Mary Erickson*, for appellant.

*Patrick H. Head, District Attorney, Amy H. McChesney, Assistant District Attorney*, for appellee.