A02A0259. PENNINGTON v. THE STATE.
(564 SE2d 219)

BLACKBURN, Chief Judge.

Following a bench trial, Terry L. Pennington appeals his conviction for reckless driving,[1] arguing that the evidence was insufficient to support the verdict. For the reasons below, we affirm.

---

On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Pennington] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the [standard] of *Jackson v. Virginia*,[2] the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that [Pennington] was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

*Lowery v. State*.[3]

Viewed in this light, the record shows that, at approximately 2:45 a.m. on March 13, 2001, Detective Pickard was traveling down Freedom Parkway and through a tunnel. Just as Pickard exited the tunnel, he had to lock down on his brakes because traffic suddenly stopped. At that time, Detective Pickard observed an eighteen-wheeler truck driven by Pennington straddling the six-inch median in the road and blocking all four lanes of oncoming traffic in both directions. In order to avoid driving under the tunnel, which had inadequate clearance, Pennington had decided to make a U-turn onto another street. To complete his maneuver, Pennington had to make approximately six smaller turns. Detective Pickard testified that, at the point where Pennington was making his turn, motorists exiting the tunnel could not have clearly seen him because visibility was limited. He further testified that the six-inch median Pennington was crossing over had been placed there because of this limited visibility.

OCGA § 40-6-390 (a) provides: "Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving." In this case, the evidence supports a finding that Pennington violated this statute. In an area of limited visibility, he chose to commit an illegal U-turn, thereby blocking all lanes of oncoming cars and causing traffic to grind to a halt. Pennington's arguments that he had no choice but to make a U-turn because he could not go forward through the tunnel does not change this result. As the trial court pointed out, Pennington should have waited for assistance from the police, who could have safely blocked

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Lowery v. State*, 242 Ga. App. 375, 376 (530 SE2d 22) (2000).

off the road, before he tried to extract his truck. Rather than doing that, however, Pennington chose to take the matter into his own hands, and, by doing so, he placed the safety of others in jeopardy.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED APRIL 10, 2002.

*Saia, Richardson & Meinken, Joseph J. Saia*, for appellant.
*Joseph J. Drolet, Solicitor-General, Vickie V. Madden, Assistant Solicitor-General*, for appellee.