## A03A0197. GILMER v. THE STATE.
### (580 SE2d 331)

MIKELL, Judge.

A Hall County jury convicted Tyrron Tyrone Gilmer of robbery by intimidation and entering an automobile with intent to commit theft. He was sentenced to a total of twenty years, with eight to be served in confinement and the balance on probation. Following the denial of his motion for a new trial, Gilmer filed the present appeal, arguing that the trial court erred in denying his motion for a directed verdict on the charge of robbery by intimidation and that his trial counsel was ineffective. We affirm the conviction.

1. It is well settled that

> [t]he standard of review for the denial of a motion for directed verdict of acquittal is the same as that for review-

---

[4] (Punctuation and footnote omitted.) *Beasley v. State*, 255 Ga. App. 522 (566 SE2d 333) (2002).

[5] Id. at 523.

ing the sufficiency of the evidence to support a conviction. Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . . Conflicts in the testimony of the witnesses . . . are a matter of credibility for the jury to resolve.

(Citation omitted.) *White v. State*, 250 Ga. App. 783 (552 SE2d 927) (2001). Accord *Pennington v. State*, 254 Ga. App. 837, 838 (564 SE2d 219) (2002), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Applying the above standard, we conclude that the evidence adduced at trial was sufficient for a rational trier of fact to find the elements of the crime beyond a reasonable doubt.

OCGA § 16-8-40 (a) (2) provides, in pertinent part, that

[a] person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another.

Viewed in the light most favorable to the jury's verdict, the evidence shows that on or about September 15, 1998, Teresa Ann Shock left her purse in her car in the parking lot of the restaurant where she was employed. When she returned to her car a few minutes later, a man was sitting in the front seat. Shock initially mistook him for a fellow employee and opened the door. She testified that she observed the man leaning over "digging through something" that she believed was her purse. According to Shock, the man shined a light in her eyes and told her that if she "did not get the f-u-c-k out of there that he was going to kill [her]." Shock fell to the ground, got up, and ran to the restaurant, where she screamed for someone to call 911. She saw the man flee on a bicycle.

Deputy Sheriff Charles Michael Fielding reported to the restaurant, where Shock relayed what had happened. The deputy observed the victim's purse on the front seat of the car, with its contents strewn about. Shock determined that money had been removed from her purse. She gave Deputy Fielding a description of her assailant, and Gilmer was captured shortly thereafter by Officer John Robertson of the Gainesville Police Department. Shock identified Gilmer at the crime scene and again at trial.

After being given his *Miranda* warnings, Gilmer told Deputy Fielding that he entered Shock's vehicle after seeing her purse on the

seat; that he intended to take money or whatever else of value that he could find; and that the money in his pocket had come from the purse. The authorities found a flashlight on Gilmer's person as well. At trial, Gilmer admitted that he entered the car with the intent to commit theft; that he took the money from Shock's purse; and that when Shock opened the car door, he told her to get back. He denied threatening her.

On appeal, Gilmer argues that he was already in possession of Shock's purse when she opened the car door; therefore, the taking of her belongings was complete, and the alleged intimidation merely provided him with a means of escape. He contends that the evidence did not support a conviction of robbery by intimidation and that the trial court should have granted a directed verdict on that charge. We disagree.

Gilmer is correct that "the force or intimidation essential to robbery must either precede or be contemporaneous with, and not subsequent to, the taking." (Citation and punctuation omitted.) *Young v. State*, 251 Ga. 153, 157 (3) (303 SE2d 431) (1983). Accord *Shropshire v. State*, 224 Ga. App. 504, 505 (480 SE2d 919) (1997). However, Gilmer was not charged with taking Shock's purse; rather, the robbery charge alleged that he stole money. Shock testified that she observed Gilmer "digging through" what she believed was her purse and that she did not see him flee until after she had fallen, gotten up, and run back to the restaurant. Therefore, there was evidence from which the jury could infer that Gilmer removed the money from the purse after he threatened the victim or even contemporaneously with his threat, and the trial court did not err in denying the motion for directed verdict.

Further, it is clear that the jury considered the question of when the theft took place. The trial court instructed the jury that "[i]n order [to] prove robbery, the State must prove that the victim became aware that her property was being taken away from her before or during the taking." During its deliberation, the jury asked the following question: "Does robbery by intimidation include intimidating the victim after the theft has taken place in order to run away, or does the intimidation have to occur to make it possible to commit the theft?" In response, the trial court explained that "[i]f the intimidation occurs after the theft was completed, then it is not robbery. If the intimidation occurred during the theft, that is, before the theft was completed and the other conditions of robbery are met, then it is robbery." Thus, the record shows that the jury considered the issue of when the theft and the intimidation took place and resolved the issue in favor of Gilmer's guilt.

2. Next, Gilmer argues that the trial court erred in denying his motion for a new trial because he was denied the effective assistance

of counsel. He contends that his trial counsel rendered a deficient performance by failing to introduce into evidence the written statement that Shock provided to the police. According to Gilmer, the statement would have shown that he was guilty of entering an automobile, but not of robbery by intimidation.

> To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and the deficiency prejudiced his defense to the extent that there was a reasonable probability the result of the trial would have been different but for defense counsel's unprofessional deficiencies.

(Citations omitted.) *Hardegree v. State*, 230 Ga. App. 111, 113 (4) (495 SE2d 347) (1998). "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless clearly erroneous." (Citation and punctuation omitted.) *Williams v. State*, 234 Ga. App. 191, 193 (2) (506 SE2d 237) (1998). Bearing these principles in mind, we find no merit to Gilmer's claim.

The following written statement by Shock was admitted during the hearing on Gilmer's motion for a new trial:

> Went out and put my stuff (purse & cloth[es]) in my car went back in to fill my drink cup up & to tell everyone goodbye (5 min.) went to enter my car got to the back of the car & notice someone sitting in my car when I said something the man (black) told me to get the hell out of his way or he was going to kill me & ran to front of work door & I seen him jump on a bike & take off Black shirt with Diamond, or circle satin & 1.

Gilmer's trial counsel was not called as a witness at the hearing. We have expressly held that "the failure to call trial counsel as a witness in the motion for new trial hearing alone allows the trial court to assume that the matter was a deliberate trial strategy and to rule against defendant's claim of ineffective assistance." (Footnote omitted.) *Baker v. State*, 251 Ga. App. 377, 379 (2) (554 SE2d 324) (2001). See also *Jackson v. State*, 251 Ga. App. 171, 173 (2) (554 SE2d 202) (2001) ("Trial counsel is presumed to have rendered adequate assistance . . . , and judicial scrutiny of counsel's performance must be highly deferential.") (citation omitted). Further, pretermitting whether counsel's decision not to introduce Shock's statement into evidence amounted to a deficient performance, Gilmer has failed to demonstrate a reasonable probability that the result of the trial would have been different had the statement been admitted, particularly in light of the testimony of Shock and Deputy Fielding. See *Hardegree*, supra. We fail to understand how language such as "the man . . . told me to get the hell out of his way or he was going to kill

me" would persuade the jury that Gilmer did not employ intimidation tactics, as he argues now. Accordingly, the trial court's denial of Gilmer's motion for new trial was not clearly erroneous.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED MARCH 26, 2003.

*Valpey & Parks, Gregory W. Valpey, Elizabeth B. Reisman*, for appellant.

*Jason J. Deal, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.