## A03A2136. YARBROUGH v. THE STATE.
(592 SE2d 681)

JOHNSON, Presiding Judge.

A jury found Steven Yarbrough guilty of trafficking in methamphetamine[1] and operating a motor vehicle without proper insurance. Yarbrough appeals, arguing that the trial court erred in failing to direct a verdict of acquittal on the methamphetamine trafficking charge and in denying his motion to suppress evidence. The arguments are without merit, so we affirm Yarbrough's conviction.

1. "It is well settled that the standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2]

Viewed in favor of the verdict, the evidence in the instant case shows that on February 9, 2001, a lieutenant and a sergeant with the Gordon County Sheriff's Office agreed to meet at an intersection of two roads near the county line in order to set up a checkpoint to look for stolen property. At approximately 1:30 p.m., the officers had just arrived at the intersection and gotten out of their sheriff's cars when a silver Camaro approached the intersection. The Camaro was traveling at a high rate of speed and was in the wrong lane. The driver jerked the Camaro back into the right lane and came to a quick stop at the intersection.

The lieutenant approached the car and saw a man in the passenger seat leaning over with his hands hidden from view. The lieutenant told the passenger to put his hands on the dashboard, and he asked the driver for his license and insurance card. Those documents identified the driver as Yarbrough, and the officers later learned that the passenger was Jerry Howren. The officers discovered that the insurance card provided by Yarbrough was not for the Camaro and that Yarbrough's driver's license was suspended.

The lieutenant arrested Yarbrough and had the sergeant place him in the back of the sergeant's vehicle. The lieutenant asked Yarbrough for permission to search his car, and Yarbrough consented to the search. The officers removed Howren from the Camaro and searched the car.

---

[1] The jury also found him guilty of possessing methamphetamine and possessing methamphetamine with intent to distribute, but the trial court merged those offenses with the trafficking offense for purposes of sentencing.

[2] (Citations omitted.) *Gilmer v. State*, 260 Ga. App. 581-582 (1) (580 SE2d 331) (2003).

The sergeant found a camouflage fanny pack behind the passenger seat, and inside the pack he found several bags containing suspected methamphetamine. Under the passenger floor mat, the lieutenant discovered a brown pouch which held more bags containing suspected methamphetamine. The officers arrested Howren and found him to be in possession of over $3,000 in cash. They then contacted the sheriff's drug unit for assistance.

Drug unit investigators arrived at the scene. Inside the camouflage fanny pack they found not only the suspected drugs, but also syringes, scales, and a slip of paper with amounts of money listed next to various names and initials. The drug investigators also searched the car and discovered a black fanny pack under the driver's seat. Inside that pack were two plastic bags containing large amounts of suspected methamphetamine, syringes, and a pipe. Next to the pack under the driver's seat the investigators found a calendar-notebook which contained a business card with Yarbrough's name on it and a handwritten list of names with amounts of money next to each name. The investigators also found a set of digital scales in the car's trunk. And with Yarbrough's consent, they later searched his residence, where they found another set of digital scales and a white-powdered vitamin B supplement which drug dealers often add to methamphetamine, thereby reducing the purity of their drug product but increasing the amount of product for sale.

The suspected drugs seized from Yarbrough's car were tested by a chemist for the Georgia Bureau of Investigation. The substances tested positive for methamphetamine, they contained traces of the vitamin B supplement, and the total weight of the methamphetamine mixtures was 218 grams.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that there is sufficient evidence from which the jury was authorized to find Yarbrough guilty beyond a reasonable doubt of trafficking in methamphetamine.[3] The trial court therefore did not err in denying Yarbrough's motion for a directed verdict of acquittal.[4]

2. Yarbrough claims that the trial court should have granted his motion to suppress evidence on the ground that the officer's checkpoint was established for the illegal purpose of looking for evidence of burglaries or thefts. The state counters that the stop of Yarbrough's vehicle actually occurred before the checkpoint was established. We need not determine, however, whether the checkpoint had in

---

[3] OCGA § 16-13-31 (e) (anyone who knowingly possesses 28 grams or more of a mixture containing methamphetamine commits the felony of trafficking in methamphetamine).

[4] See *Hammond v. State*, 255 Ga. App. 549, 552-553 (4) (565 SE2d 873) (2002).

fact been established at the time of the stop and, if so, whether the purpose of the checkpoint was lawful. As the trial court found at the suppression hearing, the unrefuted evidence establishes that the officers were authorized to stop Yarbrough when they witnessed him commit traffic offenses by driving in the wrong lane at an excessive rate of speed.

The stop of an automobile is authorized if an officer observes the commission of a traffic offense, even if the motorist is not ultimately cited for the violation.[5] Because the officers here saw Yarbrough driving on the wrong side of the road[6] and speeding,[7] they lawfully stopped him on the basis of those observed traffic violations. The trial court therefore did not err in denying Yarbrough's motion to suppress.[8]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED DECEMBER 18, 2003.

*Scott J. Forster*, for appellant.
*T. Joseph Campbell, District Attorney*, for appellee.

---

[5] *Fuller v. State*, 256 Ga. App. 840, 842 (1) (570 SE2d 43) (2002).
[6] OCGA §§ 40-6-40; 40-6-48.
[7] OCGA § 40-6-180.
[8] See *Bain v. State*, 258 Ga. App. 440, 442 (1) (a) (574 SE2d 590) (2002).