**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 9, 2023**

# In the Court of Appeals of Georgia

A23A1259, A23A1623. LAWSON v. WEIDMAN (two cases).

FULLER, Senior Judge.

In these related appeals arising out of an action to set aside a conveyance, defendant Rhonda Lawson challenges: (i) the trial court's order granting the plaintiff's request for a temporary injunction, and (ii) the court's subsequent order granting summary judgment to the plaintiff. For the reasons that follow, we dismiss in part the appeal in Case No. A23A1259 and otherwise affirm the trial court's rulings in each case.

In July 2022, non-party Sanna Weidman executed a general power of attorney ("POA") in favor of Lawson. Pursuant to that POA, Lawson executed a quitclaim deed the following November purporting to convey Sanna's residence and the 11.36-acre tract of surrounding land from Sanna to Lawson. County property tax forms filed

by Lawson state that she paid $1.00 for the property. Sanna died two days after the conveyance. In January 2023, Sanna's brother, George Weidman, III (as Sanna's sole heir at law), and Sanna's estate filed this action against Lawson to set aside the conveyance and for injunctive relief and an accounting.

Following an evidentiary hearing, the trial court issued a temporary injunction in February 2023 that, among other things: (i) barred Lawson from transferring or encumbering the real property at issue, (ii) prohibited her from making transfers or withdrawals from Sanna's accounts, (iii) required Lawson to return any personal property she removed from the premises and restore all funds transferred from certain accounts, and (iv) directed her to provide an inventory and accounting. Lawson appeals from that order in Case No. A23A1259.

After George was appointed the administrator of Sanna's estate, the trial court substituted him as a plaintiff in that capacity. George thereafter moved for summary judgment on his request to set aside the November 2022 quitclaim deed on the ground that Lawson lacked the authority to make the conveyance. The trial court granted the motion and set aside the deed in May 2023. Lawson appeals from that order in Case No. A23A1623.

*Case No. A23A1259*

1. In this appeal, Lawson challenges the February 2023 temporary injunction.

(a) George has moved to dismiss this appeal in part, to the extent that the temporary injunction pertains to the real property at issue. We agree with George that the trial court's ruling setting aside the quitclaim deed — which we affirm in Division 2, below — moots the temporary injunction as it relates to the property conveyance. See generally *McClain v. George*, 267 Ga. App. 851, 853 (600 SE2d 837) (2004) (observing that a final judgment superseded an earlier interlocutory injunction in the same case and thereby rendered an appeal from the injunction moot); accord *Cox v. Smith*, 244 Ga. 280, 280, 284 (2) (260 SE2d 310) (1979) (affirmance of judgment denying reformation mooted temporary injunction of the right of foreclosure); see also generally *Veterans Parkway Developers v. RMW Dev. Fund II*, 300 Ga. 99, 102 (793 SE2d 398) (2016) ("The purpose of an interlocutory injunction is to preserve the status quo, as well as balance the conveniences of the parties, pending final resolution of the litigation."). We therefore dismiss in part the appeal in Case No. A23A1259 to the extent that it challenges temporary injunctive relief affecting the real property.

(b) Lawson has not met her burden of establishing trial court error in the grant of temporary injunctive relief concerning issues other than the real property.

3

Whether to grant a request for interlocutory injunctive relief is within the trial court's discretion, and we will not reverse its decision unless the trial court made an error of law that contributed to the decision, there was no evidence on an element essential to relief, or the court manifestly abused its discretion. The purpose for granting interlocutory injunctions is to preserve the status quo, as well as balance the conveniences of the parties, pending a final adjudication of the case.

When deciding whether to issue an interlocutory injunction, a trial court should consider whether: (1) there is a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (2) the threatened injury to the moving party outweighs the threatened harm that the injunction may do to the party being enjoined; (3) there is a substantial likelihood that the moving party will prevail on the merits of its claims at trial; and (4) granting the interlocutory injunction will not disserve the public interest.

*Denhardt v. Jones*, 363 Ga. App. 865, 866 (2) (873 SE2d 234) (2022) (citation and punctuation omitted).

Lawson contends that: (i) the trial court erred by "failing to perform any substantive analysis of the merits or balancing of the . . . equities"; (ii) there was no evidence of irreparable harm or an inadequate remedy at law; (iii) the threat of harm to George did not outweigh the threat of harm to Lawson; and (iv) the evidence was insufficient to show that George likely would prevail on the merits.

As to the first of these contentions, Lawson identifies no authority suggesting that the trial court was required to provide any particular quantum of analysis in its order under the circumstances of this case. See *Brittain v. State*, 329 Ga. App. 689, 704 (4) (a) (766 SE2d 106) (2014) ("[A]n appellant must support enumerations of error with argument and citation of authority, and mere conclusory statements are not the type of meaningful argument contemplated by our rules.") (citations and punctuation omitted); see also *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) ("It is [the appellant]'s burden, as the party challenging the ruling below, to affirmatively show error from the record on appeal."). Moreover, because she has not provided a transcript of the evidentiary hearing that led to the temporary injunction, we must presume that the evidence supported the trial court's rulings. See *Bollinger v. State*, 259 Ga. App. 102, 105 (2) (576 SE2d 80) (2003) ("[W]here the proof necessary for determination of the issues on appeal is omitted from the record, the appellate court must assume that the judgment below was correct and affirm.") (citation and punctuation omitted); see also *Maree v. Phillips*, 274 Ga. 369, 370 (2) (552 SE2d 837) (2001) (absent a transcript, this Court will presume that the trial court discharged its duty in compliance with the law); *Denhardt*, 363 Ga. App. at 867 (2) (a) ("The trial judge is presumed to know the law and presumed to faithfully and

5

lawfully perform the duties devolving upon him by law. This court will not presume the trial court committed error where that fact does not affirmatively appear.") (citation and punctuation omitted).

The absence of a transcript similarly dooms Lawson's remaining challenges to the temporary injunction. See *Maree*, 274 Ga. at 370 (2); *Bollinger*, 259 Ga. App. at 105 (2). Consequently, we affirm that part of the temporary injunction directed toward issues other than the real property, to the extent that any such rulings were not mooted by the grant of summary judgment to George.

### Case No. A23A1623

2. In this appeal, Lawson contends that: (i) the trial court erroneously found that the conveyance at issue here was an impermissible gift; (ii) she fully complied with her fiduciary duties as Sanna's agent; and (iii) she had the authority under OCGA § 10-6B-40 to make the conveyance under the general POA in her favor.[1] We discern no error in the trial court's ruling that Lawson lacked the authority to deed the property to herself.

---

[1] Sanna's additional claims that the trial court "fail[ed] to adhere to the summary judgment standard" and "disregard[ed] material issues of fact" raise no new factual issues and thus are subsumed into her other arguments.

6

Our review of the trial court's ruling involves the construction of OCGA § 10-6B-40, which is a legal issue that we address de novo. See *Hill v. First Atlantic Bank*, 323 Ga. App. 731, 732 (747 SE2d 892) (2013). In so doing, "we must presume that the General Assembly meant what it said and said what it meant." *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (citation and punctuation omitted). Thus, absent clear evidence that a contrary meaning was intended by the legislature (as reflected in the relevant statutory text), "we assign words in a statute their ordinary, logical, and common meanings." *Turner v. Ga. River Network*, 297 Ga. 306, 308 (773 SE2d 706) (2015) (citation and punctuation omitted). While neither party has identified, and research has not revealed, any Georgia appellate decisions construing the POA statute at issue here, the result in this case follows from the plain, unambiguous statutory language.

OCGA § 10-6B-40 addresses various aspects of the authority of an agent acting under a POA. Subsection (a) of the statute lists several actions with respect to the disposition of property — including making a gift — that an agent may take only if expressly granted the authority to do so in a POA. And subsection (b) (1) prohibits an agent under a POA from creating in the agent an interest in the principal's property

7

where the agent is not related to the principal, absent an express grant of such authority. The statute provides:

> Notwithstanding a grant of authority . . . [t]o do an act described in subsection (a) of this Code section, unless the power of attorney otherwise provides, an agent that is not an ancestor, spouse, or descendant of the principal, shall not exercise authority under a power of attorney to create in the agent . . . an interest in the principal's property, whether by gift, right of survivorship, beneficiary designation, disclaimer, or otherwise.

OCGA § 10-60-40 (b) (1). The record contains no indication that Lawson is related to Sanna. And the POA at issue here contains no language expressly granting Lawson the authority to create in herself an interest in Sanna's property, by way of gift or otherwise.

For these reasons, the trial court properly granted summary judgment to George on the issue of Lawson's authority to convey Sanna's property to herself, pretermitting whether the conveyance may be construed as a gift. We therefore affirm the trial court's judgment in Case No. A23A1623.

*Judgment affirmed in Case No. A23A1623. Appeal dismissed in part and judgment affirmed in part in Case No. A23A1259. Doyle, P. J., and Gobeil, J., concur.*