A04A0095. CRAWFORD-THOMAS v. THE STATE.
(597 SE2d 635)

JOHNSON, Presiding Judge.

Pursuant to a jury trial, Janice Crawford-Thomas was convicted of driving under the influence of alcohol, driving left of the centerline, and speeding. She appeals, arguing that the trial court erroneously denied her motion to suppress evidence. The argument is without merit, so we affirm her convictions.

In reviewing a trial court's ruling on a motion to suppress, we must construe the evidence most favorably to uphold the trial court's judgment.[1] The trial court's findings of fact are analogous to a jury verdict and we may not disturb them if there is any evidence to support them.[2] We must also accept the trial court's decisions as to the credibility of witnesses unless clearly erroneous.[3]

In the instant case, the arresting officer and Crawford-Thomas were the only witnesses who testified at the suppression hearing. Construed in favor of the trial court's ruling, their testimony establishes that on March 24, 2002, the officer was driving his patrol car east on Highway 54 near the city of Fayetteville when he encountered Crawford-Thomas heading in the opposite direction. He saw her drive through the road's gore area, a space marked with cross-hatched yellow lines that divides lanes of travel.

The officer turned around and followed Crawford-Thomas as she entered Fayetteville. She maintained a speed of 60 mph as the posted speed limit went down to 45 and then 35 mph. She also drifted in and

---

[1] *Stokes v. State*, 238 Ga. App. 230 (518 SE2d 447) (1999).
[2] Id.
[3] Id.

out of her lane of travel. The officer then stopped Crawford-Thomas and approached her vehicle.

Crawford-Thomas was smoking a cigarette and had the window rolled partially down. She never made eye contact with the officer, and whenever she spoke she would turn her head away from him and face the passenger side of the car. The officer smelled what he suspected was alcohol, but he was not certain, and Crawford-Thomas denied having drunk any alcohol.

The officer then went back to his patrol car and wrote a warning ticket for speeding. When he returned to Crawford-Thomas' car with the ticket, she had put her cigarette out and rolled her window down. The officer explained the ticket and handed it to her. Crawford-Thomas took the ticket, began talking more freely than she had before and looked up at the officer. The officer saw that her eyes were bloodshot and watery, and he could smell an odor of alcohol coming from her.

The officer then asked Crawford-Thomas to get out of her car, and he asked her how much alcohol she had drunk. She stated that she had drunk a couple of beers. The officer had her perform three field sobriety tests, all of which indicated that she was impaired by alcohol. The officer then arrested Crawford-Thomas and read the implied consent warning to her. She consented to a breath test, but she then would not blow a sufficient sample into the testing machine. She later told the officer that she had given an insufficient sample because she was under the influence of alcohol and believed she was over the legal limit.

Crawford-Thomas now argues that the officer continued to detain her after giving her the warning ticket and that such detention exceeded the scope of the traffic stop. Thus, she reasons, any evidence obtained pursuant to that improper detention must be suppressed. But contrary to her claims, the officer did not improperly exceed the scope of the traffic stop.

An officer must have reasonable suspicion of criminal activity before conducting additional questioning once a traffic stop has ended.[4] The officer's suspicion need not rise to the level of probable cause, but it must be supported by specific and articulable facts, and may not be based on mere caprice or a hunch or inclination.[5]

In the current case, after the traffic stop ended by the officer handing the warning ticket to Crawford-Thomas, the officer did not continue to detain and question Crawford-Thomas based on mere

---

[4] *Parker v. State*, 233 Ga. App. 616, 617-618 (1) (504 SE2d 774) (1998); *Simmons v. State*, 223 Ga. App. 781, 782 (2) (479 SE2d 123) (1996).

[5] *Parker*, supra at 618; *Simmons*, supra.

caprice or a hunch. Rather, he had specific, articulable facts that gave rise to his suspicion that she was under the influence of alcohol. Those facts included her erratic driving — driving through the gore, weaving in and out of her lane of traffic, and speeding; her red and watery eyes; her initial refusal to look toward the officer whenever she spoke; and the smell of alcohol coming from her when she finally did look at him and speak.[6]

Because the officer had reasonable suspicion that Crawford-Thomas was driving under the influence of alcohol, he did not act improperly in continuing his investigation after the initial traffic stop had ended. The trial court therefore did not err in denying the motion to suppress evidence.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED MARCH 26, 2004.

*John A. Beall IV*, for appellant.
*Steven L. Harris, Solicitor-General*, for appellee.

---

[6] See generally *Powers v. State*, 261 Ga. App. 296, 300-301 (2) (582 SE2d 237) (2003); *Buchnowski v. State*, 233 Ga. App. 766, 767-768 (1) (505 SE2d 263) (1998).