A05A1219. SWANSON et al. v. HALL et al.
(620 SE2d 576)

RUFFIN, Chief Judge.
Appellants Terry Lamar Swanson, Tommy Roberts Trucking, Inc., and Georgia Casualty & Surety Company appeal from a jury verdict and judgment against them in a personal injury and wrongful death action brought by appellee Clarence Hall on behalf of himself

---

and his late wife, Lois Hall. Mr. Hall was injured and Mrs. Hall died as the result of an automobile collision involving three vehicles: the Halls' van, a logging truck driven by Swanson and owned by Tommy Roberts Trucking, and a car driven by Mark Henderson. The jury returned a verdict for Hall (individually and as administrator of his wife's estate) and against appellants.[1] On appeal, the appellants contend that the judgment against them must be overturned because the trial court erred in charging the jury on racing and speeding when there was no evidence of either in the record, and in charging the jury on concurrent negligence separately from the other jury instructions. For reasons that follow, we disagree and affirm.

1. Appellants argue that the evidence presented at trial did not warrant the jury being charged on racing and speeding. We will not overturn a trial court's decision to give a particular jury charge "if there was any evidence presented at trial to support giving the charge."[2] "In determining whether some evidence exists to support an instruction, an appellate court is not authorized either to weigh existing evidence or to judge witness credibility as these matters are within the province of the jury."[3]

At trial, the evidence showed that Swanson was driving behind Henderson in the eastbound lane of traffic on a two-lane road, Georgia Highway 140. They were part of a long line of vehicles traveling at a uniform speed, between 50 and 55 mph. Swanson was driving a logging truck, although the truck was empty at the time of the incident.

The single lane of traffic in which Henderson and Swanson were traveling widened into two lanes to include a passing lane, which ran from the base to the top of a hill. Henderson testified that he entered the passing lane as soon as it became available, but did not cut through the gore area[4] preceding the new lane. Swanson, however, had begun to pass Henderson's vehicle, picking up speed. An expert in accident reconstruction believed that Swanson entered the gore area to begin passing Henderson. Henderson testified that Swanson had to have entered the gore area and driven faster than Henderson for the collision to occur. Henderson's car and the truck Swanson was

---

[1] Henderson settled with Hall prior to trial. The amount of the settlement was subtracted from the jury's verdict against appellants, and judgment was entered against them accordingly.

[2] *Steele v. Atlanta Maternal-Fetal Medicine*, 271 Ga. App. 622, 631 (4) (610 SE2d 546) (2005).

[3] *Jones v. State*, 220 Ga. App. 784, 785 (470 SE2d 326) (1996).

[4] The gore area is "the area of convergence between two lanes of traffic," OCGA § 40-6-50 (a), often "a space marked with cross-hatched yellow lines that divides lanes of travel." *Crawford-Thomas v. State*, 266 Ga. App. 606 (597 SE2d 635) (2004).

driving made contact, causing Henderson's car to spin into oncoming traffic, where it collided with the Halls' van.

(a) Appellants object to the following instruction on racing that was given to the jury:

> [n]o person shall drive any vehicle on a highway in this state in any race and no person shall participate in any such race. The Georgia Legislature has defined racing as the use of one or more vehicles in an attempt to outgain, outdistance, or prevent another vehicle from passing to arrive at a given destination ahead of another vehicle or vehicles.

Appellants agree that this is a correct statement of the law, but assert that it should not have been given because it was unsupported by the evidence.

Generally, whether a driver is engaged in racing is a question for the jury.[5] Here, there is some evidence that Swanson was attempting to pass Henderson in an unsafe and illegal manner in order to outdistance him in the limited passing area. This evidence, however slight, is sufficient to justify a jury instruction on racing.[6]

(b) Appellants also object to two jury instructions given on speeding: "[n]o person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing," and "[n]o person shall drive a vehicle in excess of the posted speed limit. The speed limit at the time of this accident on the roadway on which this accident occurred was 55 miles an hour." Again, appellants agree these are correct statements of law, but contend that they were not supported by the evidence.

Contrary to appellants' contention, there was some evidence, albeit circumstantial, which supported the giving of these jury instructions.[7] There was testimony that the line of traffic was proceeding at 50 to 55 mph when Swanson attempted to pass and that the truck driven by Swanson was increasing its speed as it began to pass Henderson's car. Swanson testified that he was driving in tenth gear, which meant he was driving at least 45 mph, and he could have driven in excess of 55 mph without changing gears. Swanson's intent at the time he began to pass Henderson was to keep the momentum of the

---

[5] See *Preston v. Sabetazm*, 269 Ga. App. 451, 453 (1) (604 SE2d 224) (2004).

[6] See *Stephens v. Hypes*, 271 Ga. App. 863, 866 (610 SE2d 631) (2005) (holding that trial court does not err in charging jury when there is even slight evidence on a particular issue).

[7] See *Flournoy v. Brown*, 226 Ga. App. 857, 860 (2) (487 SE2d 683) (1997) (jury charge proper if there is any evidence "from which a legitimate process of reasoning can be carried on in respect to the issue at hand").

truck going and not to slow down, which is consistent with the testimony that he was accelerating to pass the line of traffic. Accordingly, the trial court did not err in giving jury instructions on speeding.[8]

2. Appellants assert that the trial court erred in charging the jury on concurrent negligence separately from the other jury instructions after closing arguments were made. When the trial court asked for exceptions to the jury instructions given, Hall requested that the trial court clarify the issue of concurrent negligence for the jury. No instruction on concurrent negligence was initially requested by either party; but, in closing arguments, the parties apparently disagreed about appellants' liability if the jury concluded that both Henderson and appellants had been negligent. After hearing from counsel for Hall and appellants, the trial court brought the jury back to the courtroom and read them the pattern jury instructions on concurrent negligence and proximate cause. At that time, the jury had not received the evidence and verdict form and had not yet begun its deliberations. The trial judge told the jury that she had "neglected to give [them] the remainder of [the charge on proximate cause]," and stated, "just because I gave you this one separately and not with the rest of it doesn't make it any more important or any less important than all the other charges I gave you."

According to appellants, OCGA § 5-5-24 (b) requires us to find error in the giving of this charge. The Code section provides that written requests to charge should be submitted prior to the close of evidence, and that the trial court should inform counsel of the charges it intends to give before closing argument. It would elevate form over substance, however, to preclude the trial court from giving an additional jury charge when the court believes it is necessary to clarify an issue of which the parties were clearly aware prior to trial.[9] Such a result would undercut a key goal of the statute, which is "to allow correction of errors in the charge when there is still time to do so."[10]

It is within the discretion of the trial court to determine whether supplemental jury instructions are necessary.[11] On appeal, we review the trial court's determination for abuse of that discretion, "taking

---

[8] See *Deloach v. Deloach*, 258 Ga. App. 187, 189-190 (3) (573 SE2d 444) (2002).

[9] Here, the Halls stated in the consolidated pretrial order that one of the issues to be determined at trial was "[w]hether Defendants Terry Lamar Swanson and Tommy Roberts Trucking, Inc. were at least one percent negligent on the morning in question, and if so, whether such negligence was the proximate cause of the wreck."

[10] *Schriever v. Maddox*, 259 Ga. App. 558, 561 (1) (578 SE2d 210) (2003); see also *Vaughn v. Protective Ins. Co.*, 243 Ga. App. 79, 81 (1) (532 SE2d 159) (2000) (stating that, when objection to charge was made after second charge before verdict, court could still withdraw charge or give clarifying instructions).

[11] See *Payne v. State*, 219 Ga. App. 318 (1) (b) (464 SE2d 884) (1995).

into account the sensitive nature of the judge's responsibility at this stage of the trial and the duty of the trial judge to provide impartial and effective guidance on the law for the jury to follow in its deliberations."[12] We have held that

> [t]he court has a perfect right, after the jury has retired to consider its verdict, to call the jury back into the courtroom and either give further instructions which have been omitted through oversight or, on receiving a request for further instructions, to give such reply as the facts may warrant.[13]

Here, a conflict arose in closing argument after the charge conference. The trial judge decided, after hearing from all parties, that an additional charge was necessary. She gave the supplemental charge to the jury before it began deliberating, and she cautioned them not to give undue importance to the supplemental charge. Under these circumstances, the trial court did not abuse its discretion in charging the jury on concurrent negligence.[14]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED AUGUST 11, 2005 —
RECONSIDERATION DENIED SEPTEMBER 9, 2005.

*Hicks, Casey & Barber, Richard C. Foster*, for appellants.
*Jenkins & Olson, Frank E. Jenkins III*, for appellees.


---

[12] (Punctuation omitted.) Id.
[13] *Barraza v. State*, 149 Ga. App. 738, 739 (2) (256 SE2d 48) (1979).
[14] See *Miller v. State*, 221 Ga. App. 718, 718-719 (1) (472 SE2d 697) (1996).