A06A1220. COLLINS et al. v. MITCHELL et al.
(640 SE2d 364)

SMITH, Presiding Judge.

Jewell Collins was injured when she drove into the back of a tractor-trailer parked in the right lane of a five-lane road. Collins and her husband sued James Mitchell, the driver of the vehicle, and Home Depot, U. S. A., Inc. (Home Depot), its owner, for negligence and negligence per se. The jury returned a verdict for Mitchell and Home Depot, and judgment was entered in their favor. Collins's motion for new trial was denied. The Collinses now appeal, arguing that the trial court erred in charging the jury and in its handling of evidence. We find no error and affirm.

Viewed in the light most favorable to the jury's verdict, the record shows that on the morning of December 31, 2002, James Mitchell left

the Home Depot tractor-trailer he was driving in the right-hand northbound lane of Philema Road, Lee County, in order to make a residential delivery on that road. Philema Road has five lanes, including a center turn lane, but it has no shoulder suitable for parking. Home Depot policy required a driver to place warning devices at a parked vehicle only in the event of a breakdown in which the vehicle was left for more than ten minutes, and Mitchell did not place safety cones or other warning devices behind the trailer.

Jewell Collins was driving northbound on Philema Road at 35 miles per hour when she saw the trailer from half a mile away. She first applied her brakes at a distance of 15 to 20 feet from the back of the trailer, crashed into it, and was injured. The trailer had been parked on Philema Road for less than ten minutes when Collins's car collided with it.

1. Collins first argues that the trial court erred when it charged the jury concerning regulations of the Georgia Department of Motor Vehicle Safety that "the driver shall, as soon as possible, but in any event within 10 minutes, place triangular warning devices" near the vehicle, but that "[t]he placement of warning devices is not required within the business or residential district of a municipality."[1] Collins asserts that the accident took place in an unincorporated portion of Lee County and that the latter part of the charge therefore did not apply and should not have been given.

> We will not overturn a trial court's decision to give a particular jury charge if there was *any evidence* presented at trial to support giving the charge. In determining whether some evidence exists to support an instruction, an appellate court is not authorized either to weigh existing evidence or to judge witness credibility as these matters are within the province of the jury.

(Citations, punctuation and footnotes omitted; emphasis supplied.) *Swanson v. Hall*, 275 Ga. App. 452, 453 (1) (620 SE2d 576) (2005). A trial court does not err when it charges the jury on a particular issue even when the evidence justifying the charge is slight. Id. at 454 (1).

The evidence at trial also included testimony to the effect that the collision took place in a municipality, and Collins has not argued, let alone shown, that the charge as given was an inaccurate statement of the regulations. Nor did Collins introduce any evidence at trial showing that the accident occurred in an unincorporated portion

---

[1] See Federal Motor Carrier Safety Regulations, 49 CFR § 392.22 (b) (1), (b) (2) (iii), as adopted by Georgia Department of Motor Vehicle Safety Transportation Rule § 4-1-1.

of Lee County. As the trial court ruled, it was for the jury to decide the applicability of the regulation to the collision at issue on the basis of the evidence placed before it by the parties.

2. Collins also argues that the trial court erred when it denied her motion in limine to exclude evidence from her hospital records that she had "passed out" before the collision. We review a trial court's ruling on a motion in limine only for an abuse of discretion. *Forsyth County v. Martin*, 279 Ga. 215, 221 (3) (610 SE2d 512) (2005).

The primary evidence at issue is a statement from an attending physician who rendered Collins's "history of present illness" as follows: "Mrs. Collins is a 72-year-old who reports she was riding down the road when she passed out. She rear-ended another car. It was by report a semi." A second physician's report, which represented that it "comes from the patient," made no mention of Collins losing consciousness before the collision.

Collins argues that these statements should not have been admitted because they contain hearsay. The reports were admissible as substantive evidence, however, because Collins was present at trial and subject to cross-examination. The trial court could "reasonably infer from the face of the records that [Collins] was the actual source of the statements at issue." *Barone v. Law*, 242 Ga. App. 102, 105 (3) (527 SE2d 898) (2000). These prior inconsistent statements were also admissible to impeach Collins based upon her testimony at trial that she had never lost consciousness. See OCGA §§ 24-9-82; 24-9-83; *Barone*, supra at 105-106 (2), (3). Moreover, Collins had the opportunity to subject both physicians to a thorough and sifting examination. The trial court therefore did not abuse its discretion when it admitted the statements.

3. The state trooper investigating the collision testified that traffic was sometimes heavy on Philema Road, that he had never seen a truck parked for loading or unloading on it, that he would not have parked his own farm tractor there, and that Mitchell would have been safer making his delivery in a smaller or different type of truck. Collins argues that the trial court should not have granted the defendants' motion in limine to exclude this testimony. The trial court properly excluded these statements, however, because they either commented on matters within the knowledge of the average juror, went to the ultimate issue of Mitchell's negligence, or were irrelevant. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361-362 (3) (489 SE2d 99) (1997) (trial court did not abuse discretion when it granted motion in limine to exclude testimony concerning foreseeability of plaintiff's injury because jurors could determine issue themselves); *Cann v. MARTA*, 196 Ga. App. 495, 497 (5) (396 SE2d 515) (1990) (no error in granting motion in limine to exclude irrelevant evidence). We

find no abuse of discretion here, and we conclude that the trial court did not err in granting the motion in limine.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 13, 2006.

*Lewis R. Lamb*, for appellants.

*Gray, Hedrick & Edenfield, Lloyd B. Hedrick, Jr., Evan R. Mermelstein*, for appellees.