A06A1659. PAINE et al. v. NATIONS.

(641 SE2d 180)

BLACKBURN, Presiding Judge.

Following a jury trial, Charles Paine, Jr., and Lynne Paine appeal a judgment in favor of Gregory Nations in his suit against them for trespass involving an easement Nations held over land owned by the Paines. Specifically, the Paines contend that (1) the trial court erred by not bifurcating the trial to first determine the existence of the easement, and (2) the evidence did not support a finding of liability or an award of punitive damages or attorney fees against them. We disagree and affirm.

"Where a jury returns a verdict, the same must be affirmed on appeal if there is any evidence to support it. Moreover, the evidence is to be construed in a light most favorable to the prevailing party and

---

every presumption and inference is in favor of sustaining the verdict." (Footnote omitted.) *Edwards v. Sabat*.[1]

So viewed, the evidence shows that in 1989, Nations bought a parcel of undeveloped property and an easement granting him a nonexclusive right to ingress and egress over a 60-foot wide path leading from his property to a road. In 1996, William Cochran, Charlene Cochran, and the Paines bought certain property over which Nations's easement ran. Without Nations's permission, a sign was placed in the middle of the 60-foot-wide easement that read, "PRIVATE DRIVEWAY — VIOLATORS WILL BE PROSECUTED UNDER THE CRIMINAL SECTION OF THE LAW — COCHRAN & PAINE." The Cochrans also extensively graded driveways to their property and the Paines' property that rendered part of the easement more difficult to travel. Also, the driveways to the Cochrans' and Paines' properties were built across a portion of Nations's property (not the easement) without his permission.

Nations sued the Cochrans and the Paines for trespass based on the impediments to his property and his use of the easement. Following a trial, a jury found the Cochrans and Paines liable and awarded Nations compensatory damages of $63,100 to repair the grading damage, $22,000 in attorney fees, and $150,000 in punitive damages. The Paines filed this appeal (the Cochrans did not appeal).

1. The Paines contend that the trial court erred in not bifurcating the trial to first determine whether an easement existed. We disagree.

Prior to trial, the defendants filed a motion to bifurcate the trial to allow the trial judge to first determine as a matter of law whether Nations held rights to an easement over their land. Nations did not respond to the motion, but the trial court elected not to bifurcate the trial and instead allowed the introduction of documents and lay and expert testimony to establish the existence of the easement. Based on that evidence, the trial court directed a verdict that Nations had title to the easement. The Paines now contend that the trial court erred in failing to bifurcate the trial in light of the absence of Nations's response to the defendants' motion to bifurcate.

"The [trial] court, in furtherance of convenience or to avoid prejudice, *may* order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue, or of any number of claims, cross-claims, counterclaims, third-party claims, or issues." (Emphasis supplied.) OCGA § 9-11-42 (b). This decision "is largely a matter of discretion for the trial judge, and absent clear and

---

[1] *Edwards v. Sabat*, 263 Ga. App. 852 (589 SE2d 618) (2003).

manifest abuse of that discretion, it will not be interfered with on appeal." *Wheels & Brakes v. Capital Ford Truck Sales.*[2]

Although Nations failed to respond to the defendants' motion to bifurcate, OCGA § 9-11-42 (b) leaves the decision of whether to bifurcate a trial within the discretion of the trial judge, and there is nothing in OCGA § 9-11-42 (b) that requires a trial judge to sever a trial solely because a party requests it. The parties' verified pleadings disputed the facts surrounding Nations's ownership of the easement (such as whether title documents were properly recorded and whether Nations had abandoned the easement), and, as the trial court stated at trial, both parties requested a jury trial and the trial court wished to resolve questions of fact regarding ownership of the easement. Accordingly, we discern no abuse of discretion by the trial court in denying the motion to bifurcate the trial.

2. The Paines next contend that the evidence at trial was insufficient to support the jury's finding of liability and award of compensatory and punitive damages and attorney fees.[3] We disagree.

(a) *Liability for Compensatory Damages.*

> If there is any evidence to support the verdict, this court, on appeal, will not disturb it. . . . We will not weigh the evidence, and in fact are precluded from doing so. In the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence *even where the verdict may be against the preponderance of the evidence.* We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal, this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict, and after the verdict is approved by the trial judge, the evidence must be construed so as to uphold the verdict even where there are discrepancies.

(Citations and punctuation omitted; emphasis supplied.) *Jeff Goolsby Homes Corp. v. Smith.*[4]

---

[2] *Wheels & Brakes v. Capital Ford Truck Sales,* 167 Ga. App. 532, 533 (1) (307 SE2d 13) (1983).

[3] Although the Paines did not challenge the sufficiency of the evidence in a motion for a directed verdict at trial, we reach this enumeration to determine whether the Paines are entitled to a new trial. See *Aldworth Co. v. England,* 281 Ga. 197, 197-198 (637 SE2d 198) (2006) ("the failure to move for a directed verdict bars the party from contending on appeal that she is entitled to a judgment as a matter of law because of insufficient evidence, but . . . it does not bar her from contending that she is entitled to a new trial on that ground").

[4] *Jeff Goolsby Homes Corp. v. Smith,* 168 Ga. App. 218, 219-220 (1) (308 SE2d 564) (1983).

Here, the Paines argue that there was no evidence that they personally participated in the trespasses. However, the evidence showed that a sign was erected in the middle of the easement which warned that the easement was a private driveway and was labeled with the Paines' name. At trial, Nations testified that a driveway to the Paines' property was installed across Nations's property, and that his property corner pin was removed twice as a result. Nations referred to both the Cochrans and Paines as "[t]hese people [who] have had an ongoing personal agenda." Nations also testified that, for a period of time, "these people" prohibited anyone from accessing his property, referring to occasions where a realtor showing Nations's property was "cursed at," "threatened," and "run off." Construing this evidence in favor of the verdict, as we are required to do, we find this to be some evidence supporting the jury's finding of liability for trespass on the part of the Paines.

(b) *Amount of Compensatory Damages.*

The Paines also challenge the amount of compensatory damages awarded. As Nations's claim was for a continuing trespass which the defendants caused and failed to abate, the cost of repairs is an appropriate measure of compensatory damages. See *Whitaker Acres v. Schrenk.*[5] With respect to the amount of damages awarded, we will "not interfere with the jury's damages award unless it is so small or excessive that it justifies an inference of gross mistake or undue bias." *Green v. Proffitt.*[6]

Here, the jury heard uncontroverted testimony regarding the cost to repair the damage to Nations's right of way and property, which amounted to $62,350. The jury awarded Nations $63,100, which included the cost to repair plus an additional $750 for mediation costs. As the mediation costs were not a cost to repair the property, they were not properly included in the award for compensatory damages. Therefore, we affirm the portion of the judgment based on the cost to repair ($62,350) and vacate the portion of the judgment awarding mediation costs ($750). We remand the case with instruction to modify the judgment accordingly.

(c) *Liability for Punitive Damages.*

The imposition of punitive damages is generally a question for the jury, and we will uphold that award if there is any evidence to support it. Under OCGA § 51-12-5.1 (b), punitive damages may be awarded in tort actions in which it is proven

---

[5] *Whitaker Acres v. Schrenk*, 170 Ga. App. 238, 241 (3) (316 SE2d 537) (1984).

[6] *Green v. Proffitt*, 248 Ga. App. 477, 478 (1) (545 SE2d 623) (2001).

by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

(Punctuation and footnote omitted.) *Paul v. Destito.*[7] "[A] trespass is an intentional act. Thus, a wilful repetition of a trespass will authorize a claim for punitive damages." (Citations omitted.) *Tyler v. Lincoln.*[8] As the evidence authorized a finding that the Paines participated in repeated trespasses to Nations's property, punitive damages were authorized.

(d) *Attorney Fees.*

The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

OCGA § 13-6-11. "The standard of review of an award of attorney's fees under OCGA § 13-6-11 is whether there is any evidence to support the award." (Punctuation omitted.) *L. S. Land Co. v. Burns.*[9]

"This Court has previously held that the intentional tort of trespass will support a claim for expenses of litigation and attorney fees under OCGA § 13-6-11. The legal theory is that the intentional nature of the trespass gives rise to the bad faith necessary for such recovery." *KDS Properties v. Sims.*[10] Here, Nations did plead his attorney fees claim and there was evidence that the Paines participated in the repeated and knowing obstruction of Nations's easement and intrusion onto Nations's property. This is some evidence to support a finding of bad faith necessary to recover attorney fees.

*Judgment affirmed in part, vacated in part and case remanded with instruction. Mikell and Adams, JJ., concur.*

DECIDED DECEMBER 13, 2006 —
RECONSIDERATION DENIED JANUARY 4, 2007.

*Wagner, Johnston & Rosenthal, Michael S. Rosenthal, S. Bradley Shipe*, for appellants.

---

[7] *Paul v. Destito*, 250 Ga. App. 631, 639-640 (7) (550 SE2d 739) (2001).

[8] *Tyler v. Lincoln*, 272 Ga. 118, 120 (1) (527 SE2d 180) (2000).

[9] *L. S. Land Co. v. Burns*, 275 Ga. 454, 457 (3) (569 SE2d 527) (2002).

[10] *KDS Properties v. Sims*, 234 Ga. App. 395, 398 (3) (506 SE2d 903) (1998).

*Krontz, Hubbard & Weathington, Kendra L. Weathington, Goico & Bolet, Albert J. Bolet III, Donald L. Mize, George R. Ference*, for appellee.