A07A1147. LAND et al. v. RICKS et al.
A07A1148. LAND et al. v. DENSMORE.
(654 SE2d 643)

BERNES, Judge.

These are companion cases arising out of a wrongful death and survival action brought by Paula F. Land, individually and as the administratrix of the estate of her late husband, Sergeant David Paul Land. Land appeals from judgments entered following a jury trial in favor of appellees Winona Drummond Ricks, individually and d/b/a Forsyth Furnishings, and Laura M. Densmore. Land asserts that the trial court erred in failing to properly instruct the jury on the issue of contributory negligence, improperly restricting her presentation of evidence on the issue of negligence per se, erroneously ruling that the rule of sequestration had been violated and failing to adequately cure the error, and allowing a lay witness to provide inadmissible opinion testimony on the ultimate issues of the case. We find no reversible error and affirm.

On appeal from judgment entered on a jury's verdict, "the evidence is to be construed in a light most favorable to the prevailing party and every presumption and inference is in favor of sustaining the verdict." (Citation, punctuation and footnote omitted.) *Paine v. Nations*, 283 Ga. App. 167, 167-168 (641 SE2d 180) (2006). So viewed, the evidence shows that on March 26, 2003, Sergeant David Paul Land of the Forsyth County Sheriff's Department was traveling westbound along Georgia State Route 20 ("SR-20"), a two-lane highway with heavy traffic volume. In response to an emergency 911 call,

Sergeant Land activated the lights and siren of his police-issued motorcycle and began driving at a high rate of speed. Sergeant Land passed several westbound vehicles on or near the centerline that separated the eastbound and westbound traffic lanes.

Wanda Sells,[1] who was also traveling westbound on SR-20, failed to see Sergeant Land approaching her vehicle from the rear. She attempted to make a left-hand turn into Forsyth Furnishings as Sergeant Land attempted to pass her vehicle. Unfortunately, Sells's vehicle collided with Sergeant Land's motorcycle. After the impact, Sergeant Land's motorcycle veered across the eastbound lane of SR-20 into a drainage ditch on the shoulder of the roadway. The motorcycle emerged from the drainage ditch and struck a railroad crosstie at the edge of a commercial parking lot located in front of Forsyth Furnishings. Sergeant Land was ejected from his motorcycle into the parking lot where his body struck an unoccupied vehicle, owned by appellee Ricks. Tragically, Sergeant Land died at the scene due to injuries he sustained in the accident.

Appellee Densmore is the owner of the Forsyth Furnishings property. Densmore received the property from her former husband in 1985 pursuant to a divorce settlement. Densmore's former husband constructed the parking lot in 1964 and placed the crossties to act as curb stops at that time.

Appellee Ricks is the owner and sole proprietor of Forsyth Furnishings, a retail furniture shop. Ricks leased the property in question from appellee Densmore.

Following the death of her husband, Land filed suit against the appellees for the wrongful death and pain and suffering of her husband. Specifically, Land claimed that appellees' negligence in the construction and maintenance of the parking lot and crossties caused the death of Sergeant Land. Land also claimed that Ricks had improperly positioned her car in the parking lot and that her negligence in doing so caused Sergeant's Land's death.

At trial, the jury found in favor of the appellees. Following the entry of judgment, this appeal ensued.

1. In her first enumeration of error, Land argues that the trial court gave confusing and inconsistent jury instructions with respect to Sergeant Land's duty of care as it related to the concept of contributory negligence. Consistent with the dictates of OCGA § 40-6-6, the trial court instructed the jury that the driver of an authorized law enforcement vehicle may, when responding to an emergency call, disregard certain traffic laws, including speed limits and regulations governing the direction of vehicular movement. In accordance with

---

[1] While Ms. Sells was a party to the original lawsuit, she is not a party to the instant appeal.

the statute, the trial court cautioned that "[t]he foregoing rule does not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons." See OCGA § 40-6-6 (d) (1). The court further charged the jury that "[a]n officer exercises due regard when a reasonably careful person, performing similar duties under similar circumstances, would act in the same manner."

The trial court subsequently instructed the jury on the issue of contributory negligence. In this regard, the court charged that

> [e]very person has a duty to use ordinary care for his or her own safety. If you should determine from the evidence that David P. Land failed to use ordinary care, and that this failure was the sole proximate cause of his injuries and death, then [Land cannot] recover from the [appellees].

The trial court defined "ordinary care" as "that degree of care that is used by ordinarily careful persons under the same or similar circumstances."

Land argues that the concepts of due regard and ordinary care as they relate to contributory negligence are at odds. According to Land, the trial court was obligated to instruct the jury that it could not consider whether Sergeant Land was required to exercise ordinary care or was contributorily negligent unless and until it had determined that he had violated the due regard provision of OCGA § 40-6-6 (d) (1). We disagree.

There is no meaningful difference between the two standards under the circumstances of this case. Cf. *Rosenfeld v. Rosenfeld*, 286 Ga. App. 61, 68 (7) (648 SE2d 399) (2007) (physical precedent only) (holding in the context of corporate officers that the standards of "due diligence" and "ordinary diligence" are the same). "Due regard" and "ordinary care" are relative terms. As set forth and instructed by the trial court in this case, both concepts required the jury to determine that degree of care that a reasonably careful person would have exercised under the same or similar circumstances, i.e., a reasonably careful police officer responding to an emergency call under similar circumstances. We do not believe that a reasonable juror would have determined that Sergeant Land exercised due regard and yet failed to exercise ordinary care, or vice versa.

We thus conclude that the trial court complied with its "duty to charge the jury on the law applicable to the issues in the case." *Lee v. Thomason*, 277 Ga. App. 573, 575 (2) (627 SE2d 168) (2006). The trial court's instructions on the concepts of due regard and ordinary care, when viewed as a whole, were not confusing or misleading. See

*Mathis v. Mangum*, 166 Ga. App. 415, 416 (304 SE2d 520) (1983). As such, we discern no error with the charges as given.

2. Land next argues that the trial court erred by granting the appellees' motion in limine to exclude evidence related to an alleged violation of OCGA § 32-6-131 by appellees. "We review a trial court's ruling on a motion in limine only for an abuse of discretion." (Citation omitted.) *Collins v. Mitchell*, 282 Ga. App. 860, 862 (2) (640 SE2d 364) (2006).

On the day prior to trial, Land raised for the first time a theory of negligence per se predicated on appellees' alleged violations of OCGA § 32-6-131 and certain Department of Transportation ("DOT") regulations.[2] Specifically, she argued that the appellees had violated the statute and regulations several years prior to the accident at issue by adding a speed bump to the parking lot which extended into the state's right-of-way without first obtaining a permit. Land theorized that, had appellees applied for a permit to install the speed bump, the DOT would have conducted a site survey of the property and subsequently required appellees to remove "obstacles" on the state's right-of-way, which, Land alleges, would have included the railroad crossties. According to Land, had the crossties not been in place, Sergeant Land would have been able to recover from the initial impact with Sells's vehicle and the tragic result of the accident would have been avoided.

The trial court excluded any evidence or argument that the appellees violated OCGA § 32-6-131 or were negligent per se in failing to get a permit for the speed bump. In support of its ruling, the court reasoned that the relationship between the permitting process, the speed bump, and the accident involving Sergeant Land was too tenuous, making the evidence irrelevant. The court also based its ruling in part on Land's failure to include her theory of the alleged statutory and regulatory violation in the pretrial order, and her failure to provide appellees' counsel with notice of the regulations until the day before trial.

The trial court did not abuse its discretion by excluding the contested evidence. *Sunflower Properties v. Yocum*, 261 Ga. App. 142, 144-145 (3) (581 SE2d 648) (2003) (a pretrial order controls the course of a case and a trial court has broad discretion to enforce it); *Cann v. MARTA*, 196 Ga. App. 495, 497 (5) (396 SE2d 515) (1990) (the trial court is authorized to exclude irrelevant evidence). Indeed, in Land's proffered testimony, she provided no evidence that the appellees

---

[2] Prior to trial, Land offered two theories of negligence per se with respect to the appellees. The appellees moved for summary judgment on those claims. The trial court determined that the appellees had not violated the relevant statutes as a matter of law and consequently granted summary judgment on those negligence per se claims. Land does not contest that ruling on appeal.

would have been required to remove the crossties even if they had sought to obtain a permit for the speed bump.[3] Further, Land's DOT witness testified that the DOT did not have standards governing the placement of crossties, and the witness was unable to say that the appellees' crossties were violative of any DOT regulation. Thus, the trial court did not abuse its discretion by excluding the evidence based upon its conclusion that it was irrelevant. *Cann v. MARTA*, 196 Ga. App. at 497 (5).

3. Land next contends that the trial court erred in instructing the jury that her counsel and expert witness had violated the rule of sequestration and, subsequently, failed to adequately cure its erroneous instruction. At trial, Land presented testimony from an expert witness that spanned over two days. Following the first day of testimony and during the overnight recess, Land's counsel apparently discussed with the witness the content of his testimony. Believing that this discussion violated the rule of sequestration, the trial court instructed the jury that

> once the witness has taken the witness stand, it then becomes improper for the lawyer to go and try to further prepare their witness if there's a break in the testimony.
>
> Now, . . . apparently that's what was done in this case. . . . I believe that the law on this issue [is] that I can't exclude the testimony of the witness because of the violation; I find that there has been a violation of the rule against witness sequestration here.
>
> But I cannot exclude the witness's testimony, and I will not exclude the witness's testimony. But it's for you to determine what weight and credibility you will give that witness's testimony with the knowledge that, maybe the lawyers have discussed yesterday's testimony with the witness overnight. It's up to you to decide what credibility and weight you will give this witness's testimony.

Later, after reviewing his ruling and determining that he had misapplied the rule of sequestration, the trial judge gave the following curative instruction:

---

[3] In fact, the evidence showed that the DOT had surveyed the property in conjunction with a planned expansion and had made no mention of the crossties.

Ladies and gentlemen, how many of you believe that judges never make mistakes? . . . I didn't think so. I made a mistake. Those of you who . . . watch college football know that recently we have a thing called the "play under review" where the referees go and look at the play after they've made the initial call. Well, that's what I did. Previous play was under review, and I have, what do they say, indisputable evidence that I was wrong. . . .

The issue that I was wrong on is the rule of witness sequestration. And that rule basically says, as I indicated earlier, that witnesses cannot be told what other witnesses have said in their testimony. It does not prohibit, as I had earlier thought, it does not prohibit a lawyer from, if a proceeding breaks, from talking to their witness about their testimony and further preparing them for their testimony.

There was no evidence, in this case, that [the expert witness] was told by the lawyers about any other witnesses' testimony that would have violated the rule against . . . witness sequestration.

So I was wrong, and when I told you that you can — that there was a violation, that you could use that violation to assess witness credibility, that was incorrect. You cannot . . . question this [witness's] credibility based upon any violation of the rule of witness sequestration — because it didn't happen.

So, if you took a note about that, you can strike through it. That would not be a basis upon which to question that witness's credibility because there was no rule violation there. Okay?

. . .

If you don't understand that, raise your hand, and I will try to explain that more completely and fully to you. (No response.)

Land contends that the trial court's initial instruction constituted reversible error that was not cured by the trial court's subsequent recharge. She argues that her trial counsel's integrity was impugned by the initial charge and that the trial court's recharge insufficiently vindicated her lawyers. We disagree.

> The decision whether to grant a mistrial or give a curative instruction ordinarily rests in the trial judge's sound discretion. Such rulings will not be disturbed unless the trial court's discretion is manifestly abused, whether in ruling on a motion for mistrial or in the extent of the curative action.
> . . .

(Citations and punctuation omitted.) *Dept. of Transp. v. Sharpe*, 213 Ga. App. 549, 551-552 (2) (445 SE2d 343) (1994).

In this case, the trial court clearly and thoroughly explained that it had been mistaken in its original ruling, and that Land's lawyers had not violated the rule of sequestration. The court also included a clear directive that the jury was forbidden from questioning the expert witness's credibility on the basis of its prior erroneous ruling. Finally, the court emphasized in its final curative charge to the jury that "anything the [c]ourt did or said during the trial of this case was not intended nor did it intimate, hint, or suggest to you which of the parties should prevail in this case."

"[I]n the absence of clear evidence to the contrary, qualified jurors, under oath, are presumed to follow the instructions and procedural directives of the trial court." *Harris v. State*, 202 Ga. App. 618, 620 (3) (a) (414 SE2d 919) (1992). See also *Loper v. Drury*, 211 Ga. App. 478, 483 (2) (440 SE2d 32) (1993). Here, the record contains no evidence that the jury failed to follow the trial court's instructions.

4. Finally, Land asserts that the trial court erred in allowing a lay witness to provide inadmissible opinion testimony on the ultimate issue of the case. The lay witness, who observed events surrounding the accident, answered affirmatively when asked if he believed that Sergeant Land "was passing in a dangerous manner."

Pretermitting whether the challenged testimony was improper, any error in its admission was rendered harmless because the testimony was cumulative of other evidence admitted without objection. See *EHCA Dunwoody v. Daniel*, 277 Ga. App. 783, 788 (2) (a) (627 SE2d 830) (2006); *Preferred Risk Ins. Co. v. Boykin*, 174 Ga. App. 269, 274 (5) (329 SE2d 900) (1985). Specifically, one witness testified that she was "shocked" when she saw Sergeant Land because of the speed and manner in which he was driving. The witness observed Sergeant Land nearly collide with two or three other vehicles, including her own, and testified that she said to herself, "[O]h my God, somebody's going to die." She further testified that "it looked like he was going somewhere in a real hurry and reckless."[4]

---

[4] While Land also challenges this statement on appeal, she failed to object to the testimony at the time that it was given and therefore her argument is waived. *City of Dalton v. Smith*, 210 Ga. App. 858, 861 (8) (437 SE2d 827) (1993).

Additionally, a corporal with the Georgia State Patrol who investigated the accident scene testified as an expert for the appellees. He stated without objection that, based upon his investigation, he did not believe that Sergeant Land was operating his motorcycle with due regard for the safety of all persons on the highway. Under these circumstances, any error in admitting the witness's opinion testimony was rendered harmless. *EHCA Dunwoody*, 277 Ga. App. at 788 (2) (a); *Preferred Risk Ins. Co.*, 174 Ga. App. at 274 (5).

*Judgments affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 20, 2007.

*Casey Gilson, Guy H. Weiss*, for appellants.

*Hicks, Casey & Barber, Richard C. Foster, Drew, Eckl & Farnham, George R. Moody, Kyle D. Probst*, for appellees (case no. A07A1147).

*Crim & Bassler, Harry W. Bassler*, for appellee (case no. A07A1148).

