A09A1324. PAINE et al. v. NATIONS.
A09A1325. COCHRAN et al. v. NATIONS.
(686 SE2d 876)

ADAMS, Judge.
Charles M. Paine, Jr., Lynn J. Paine, William Terrell Cochran and Charlene C. Cochran appeal an order of permanent injunction entered in favor of Gregory Lance Nations on July 22, 2008. The Cochrans also attempt to appeal, for the first time, a monetary judgment entered by the trial court in 2005.

Nations initiated this action in 2000 by filing a complaint asserting claims of trespass against the Paines and the Cochrans. The complaint alleged that the defendants had placed impediments to Nations' property and his use of an easement over their property.

A jury found in Nations' favor and awarded him a total of $235,100 in compensatory and punitive damages and attorney fees. The trial court entered judgment jointly against the Paines and the Cochrans on December 6, 2005. Although the Paines filed a timely appeal, the Cochrans did not contest the judgment at that time. In *Paine v. Nations,* 283 Ga. App. 167 (641 SE2d 180) (2006) (*"Paine I"*),[1] this Court affirmed the award of punitive damages and attorney fees against the Paines, but vacated and remanded the award of compensatory damages, with instructions to deduct $750 in mediation costs, which the jury had erroneously included. Following the return of the remittitur on January 30, 2007, the trial court issued an order adopting the judgment of this Court as outlined in *Paine I.* The parties do not dispute that this modified judgment has been satisfied in full.

In May 2008, however, Nations sought a permanent injunction with regard to the disputed property, and the trial court issued a rule nisi order, setting a hearing. After hearing argument from the parties, the trial court entered Nations' proposed injunction "nunc pro tunc to December 6, 2005."[2]

1. The Paines assert that the trial court no longer had jurisdiction when it entered the injunction because it had issued final judgment in the case over two years earlier in December 2005. Indeed, that judgment had been appealed, re-entered as modified on appeal and fully satisfied by the time the trial court issued the injunction. But the Cochrans argue that the 2005 judgment was not final and the trial court erred in allowing the Paines to appeal it without following the proper procedure for interlocutory review. See OCGA § 5-6-34 (b). The Cochrans assert, therefore, that this Court lacked jurisdiction to consider the Paines' earlier appeal, and argue that they are entitled to appeal not only the injunction, but also the 2005 judgment. Nations does not directly address whether the 2005 judgment was final. Instead, he straddles the issue, arguing on the one hand that the trial court was authorized to enter an injunction because he sought such relief in his complaint — implying that the case is ongoing — and arguing, on the other hand that the Cochrans' appeal of the 2005 judgment is untimely — implying that it was the final judgment in the case.

It is undisputed that the Paines filed a direct appeal from the

---

[1] The facts underlying this appeal are more fully set out in that opinion.

[2] At the rule nisi hearing, Nations' attorney represented that the trial judge had issued an injunction from the bench at the time he granted Nations' motion for a partial directed verdict at trial. But we could not locate any reference in the trial transcript to an injunction issued at that time, and Nations does not point to any such ruling on appeal. In any event, the trial court's 2005 judgment does not contain any order of injunction.

2005 judgment and that this Court ruled upon the merits of that appeal. Before issuing an appellate decision, this Court first has a duty to determine whether it has jurisdiction in the appeal:

> The solemn duty devolves upon this court to inquire into its jurisdiction to entertain each appeal and review the alleged errors of the trial court. *Byrd v. Goodman*, 192 Ga. 466 (1) (15 SE2d 619) (1941). The jurisdiction of an appellate court to consider an appeal depends upon whether the appeal is taken in substantial compliance with the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable.

*Trammel v. Clayton County Bd. of Commrs.*, 250 Ga. App. 310, 311 (551 SE2d 412) (2001). Accordingly, the decision in *Paine I* reflects this Court's implicit finding that it had jurisdiction to consider the appeal.

In order to find jurisdiction, the Court had to first determine that the Paines were authorized to file a direct appeal from the 2005 judgment. "Ordinarily, a party has no right to directly appeal anything other than the final judgment or ruling of the trial court." (Footnote omitted.) *First Christ Holiness Church v. Owens Temple First Christ Holiness Church*, 282 Ga. 883, 884 (655 SE2d 605) (2008). Because *Paine I* did not involve any other judgments or rulings deemed directly appealable under OCGA § 5-6-34 (a), this Court's exercise of jurisdiction in *Paine I* necessarily required a determination that the 2005 judgment was a "final judgment" within the meaning of that statute.

Under OCGA § 5-6-34 (a) (1), direct appeals are allowed from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below. . . ." Even if a trial court's order does not state that it is a grant of final judgment, "it nevertheless constitutes a final judgment within the meaning of OCGA § 5-6-34 (a) (1) where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." (Citations and punctuation omitted.) *Standridge v. Spillers*, 263 Ga. App. 401, 403 (1) (587 SE2d 862) (2003). The opinion in *Paine I*, therefore, reflects this Court's implicit findings that the 2005 judgment was a final judgment, that no issues remained to be resolved and that the parties had no further recourse in the trial court. These findings are "binding in all subsequent proceedings in the trial court and in our appellate courts, absent a change in the evidentiary posture of a case[,]" which has not occurred here. (Citation omitted.) *Maree v. Phillips*, 274 Ga. 369, 371 (3) (552 SE2d 837) (2001). See also OCGA § 9-11-60 (h). Thus, the

YALE LAW LIBRARY

parties and the trial court were bound by *Paine I*'s implicit findings as to the finality of the 2005 judgment. Accordingly, Nations had no further recourse in the trial court and could not properly petition for injunctive relief two years after entry of that judgment.

2. Correspondingly, the trial court lacked authority to grant his request for injunctive relief.

> [A] trial court's authority to modify or amend its own judgments is limited by time. After the expiration of the term at which a decree was entered, it is out of the power of the court to modify and revise it in any matter of substance or in any matter affecting the merits. Trial courts do not have the authority to modify their judgments out of time even when the modification awards relief that a litigant would otherwise have been entitled to receive.

(Citations and punctuation omitted.) *Gold Kist v. Wilson*, 247 Ga. App. 107, 111 (542 SE2d 126) (2000). This result is not altered by the fact that the injunction was entered nunc pro tunc as of the date of the final judgment.

> [A] court's power to amend nunc pro tunc is the power to correct inadvertent errors or omissions in the record to reflect the truth of what happened; it does not include the power to supply judicial omissions so as to include what a court might or should have decided, but did not actually so decide.

(Citation and punctuation omitted.) *Ga. Tile Distribs. v. Zumpano Enterprises*, 205 Ga. App. 487, 489 (2) (422 SE2d 906) (1992).

In any event, Nations obtained a remedy at law for the claims in his complaint, and "[a] trial court may not grant equitable relief if a party has an adequate remedy at law." (Footnote omitted.) *Housing Auth. v. MMT Enterprises*, 267 Ga. 129 (1) (475 SE2d 642) (1996). See also OCGA § 23-1-4 ("Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law."). If, for some reason, Nations deems his legal remedy to be inadequate, he can initiate a separate proceeding where his claim for equitable relief can be determined. See *Allied Productions v. Peterson*, 233 Ga. 266, 268 (211 SE2d 123) (1974). Accordingly, we reverse the trial court's order granting a permanent injunction.

3. Moreover, it follows that because the December 6, 2005 judgment was final, the Cochrans' current attempt to appeal that judgment is untimely, and this Court lacks jurisdiction to consider their arguments in that regard. See *Officenters Intl. Corp. &c. v.*

*Interstate North Assocs.*, 166 Ga. App. 93, 94 (303 SE2d 292) (1983); OCGA § 5-6-38 (a). And although the Cochrans assert error in other rulings by the trial court, these orders apparently were entered after they filed their notice of appeal in this case,[3] and we cannot consider them. See *Bloomfield v. Bloomfield*, 282 Ga. 108, 112 (5) (646 SE2d 207) (2007).

*Judgments reversed. Blackburn, P. J., and Doyle, J., concur.*

### DECIDED NOVEMBER 17, 2009.

*Wagner, Johnston & Rosenthal, S. Bradley Shipe*, for appellant (case no. A09A1324).

*Ira K. McKee*, for appellant (case no. A09A1325).

*King & Yaklin, Russell D. King, Matthew M. Wilkins, Donald L. Mize*, for appellee.

---

[3] We note that these rulings do not appear in the record before us.