# Court of Appeals
# of the State of Georgia

ATLANTA,  June 16, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1633. UHS OF DELAWARE, INC. et al. v. JOHN MICHAEL BULLARD et al.**
**A25A1678. UHS OF DELAWARE, INC. et al. v. LORI BELINDA HICKS et al.**
**A25A1687. UHS OF DELAWARE, INC. et al. v. BARBARA OLINGER et al.**

These three appeals, which involve identical issues, arise out of wrongful death actions in which the trial court issued an omnibus order, granting equitable relief, extending the statute of limitation, and denying the appellants' motions to dismiss. The appellants have directly appealed from that order. The appellees have filed motions to dismiss the appeals, arguing that the trial court's order is interlocutory. We agree.

Appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." OCGA § 5-6-34 (a) (1); see *Paine v. Nations*, 301 Ga. App. 97, 99 (1) (686 SE2d 876) (2009). Here, the trial court's order was non-final. Thus, the appellants were required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal that order. See OCGA § 5-6-34 (b); *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Their failure to do so deprives us of jurisdiction over this direct appeal. See *Bailey*, 266 Ga. at 833.

The appellants argue that this Court should exercise its original jurisdiction and direct the trial court to follow this Court's precedent on statutes of limitation and dismiss the underlying cases. This is not one of the extremely rare instances in which

this Court will exercise its original jurisdiction. Mandamus will issue "when there is no other adequate legal remedy." *Brock v. Hardman*, 303 Ga. 729, 730 (1) (814 SE2d 736) (2018). As explained above, the appellants could have challenged the court's order through the interlocutory appeal procedure.

Accordingly, the appellees' motions to dismiss are GRANTED and these appeals are hereby DISMISSED.



Court of Appeals of the State of Georgia
   Clerk's Office, Atlanta,___06/16/2025_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.