# Court of Appeals
# of the State of Georgia

ATLANTA,  May 22, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1951. TALK TV, LLC et al. v. JAIME PICKETT.

Jaime Pickett filed a complaint against several defendants seeking to inspect corporate documents under OCGA § 14-11-313(3). In the petition, Pickett also requested attorney fees under that statute.[1] The defendants answered and moved to dismiss the complaint. The trial entered an order denying the motion to dismiss and granting Pickett's requested relief. The court expressly reserved ruling on Pickett's request for attorney fees until the defendants satisfied their obligation to produce documents. The defendants appeal, but we lack jurisdiction.

Under OCGA § 5-6-34(a)(1)(B), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." An order is final "where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court" *Paine v. Nations*, 301 Ga. App. 97, 99(1) (686 SE2d 876) (2009) (citation and punctuation omitted). Here, the trial court's order did not resolve the issue of attorney fees under OCGA § 14-11-313(3), but instead reserved ruling on it until a later date. Under these circumstances, the defendants could appeal only if they complied with the interlocutory appeal

---

[1] If a trial court allows the inspection of corporate documents, the court may also "grant such other relief, including costs and reasonable attorneys' fees, as the court may deem just and proper." OCGA § 14-11-313(3). See also *Premier Pediatric Providers v. Kennesaw Pediatrics*, 373 Ga. App. 741, 747–48(2)(c) (908 SE2d 368) (2024) (affirming award of attorney fees under OCGA § 14-11-313(3)).

procedures of OCGA § 5-6-34(b) or if the trial court expressly determined that there was no just reason for delay under OCGA § 9-11-54(b). *Johnson v. Hosp. Corp. of Am.*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (punctuation omitted). See also *Sotter v. Stephens*, 291 Ga. 79, 82-84 (727 SE2d 484) (2012) (trial court's order that did not resolve pending attorney fee request was not final and directly appealable).

Because this case remains pending below, the defendants did not follow the interlocutory appeal procedures, and the trial court did not enter judgment in accordance with OCGA § 9-11-54(b), we are without jurisdiction to consider this appeal. Accordingly, the appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,   05/22/2026*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*